IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEITH L. WILLIAMS,                              Case No. 15-mc-65-pp

                        Petitioner,

v.

STATE OF WISCONSIN,

                        Respondent.

**ORDER GRANTING MOTION FOR EXTENSION OF TIME (DKT. NO. 1)**

On November 24, 2015, Keith L. Williams, representing himself, filed a petition for extension of time or to toll the time for filing a petition for writ of *habeas corpus*.[1] Dkt. No. 1. The petitioner asserts that the Supreme Court of Wisconsin denied his petition for review "sometime in March of 2014." Id. When he "was made aware of a tolling time of up to a year before he was to have decided how he would present his issues to the Federal Courts of Wisconsin," he "decided to do some research so that he'd be able to litigate for himself properly." Id. In "February of 2015," his research led him to file two post-conviction motions with the Brown County Circuit Court. Id. The circuit court

_____

[1] The court notes that Mr. Williams handwrote this document. When he created the heading of his petition, he captioned it, "State of Wisconsin, Plaintiff v. Keith L. Williams, Defendant." The court understands that that is the title of the petitioner's ongoing state action. See State of Wisconsin v. Keith L. Williams, No. 2010CF001168, available at https://wcca.wicourts.gov. For the purposes of this proceeding, the court will re-caption the case as "Keith L. Williams, Petitioner v. State of Wisconsin, Respondent." This title more accurately reflects that Mr. Williams has requested that this court take action and that the state will respond if necessary.

1

denied the motions and the petitioner appealed to the Wisconsin Court of Appeals. Id. He asserts that the appellate process is ongoing at the time of this filing and he asks the court to toll his time for filing a petition for *habeas* relief "altogether or extend[]" the time "while all these remedies are exhausted." Id.

A review of the docket in the petitioner's state case shows that on May 27, 2014, the Wisconsin Supreme Court denied his petition for review. See State of Wisconsin v. Keith L. Williams, No. 2010CF001168, available at https://wcca.wicourts.gov. A person in custody has one year to file a petition for *habeas corpus* in federal court, and that one year begins to "run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). The petitioner had ninety days from the date of the Wisconsin Supreme Court's order to seek review with the Supreme Court of the United States. Sup. Ct. R. 13. See also Jones v. Hulick, 449 F.3d 784, 787 (7th Cir. 2006) ("The time during which a petition for certiorari to the United States Supreme Court can be filed from a decision on direct review is not counted because a decision does not become final until the time for petitioning for certiorari has passed.") That deadline passed on Monday August 25, 2014. Because he did not seek review, his one-year tolling period under §2244 began to run on that same day, and the deadline for seeking *habeas* relief in federal court passed on Tuesday August 25, 2015.

The petitioner asserts, however, that "in February of 2015" he filed two post-conviction motions. Dkt. No. 1. First, he filed a motion challenging the

2

ineffective assistance of his trial counsel. Id. Second, he filed a motion challenging his attorney's "failure to argue post-conviction issues properly." Id. These motions do not appear on the state docket, but the circuit court judge's decision denying the motions, dated June 10, 2015, does appear on that docket. See State of Wisconsin v. Keith L. Williams, No. 2010CF001168, available at https://wcca.wicourts.gov. On July 6, 2015, the petitioner filed a motion for reconsideration, which the circuit court judge denied on July 22, 2015. Id. On August 27, 2015, the petitioner filed a notice of appeal with the Wisconsin Court of Appeals and, as of the date of this order, that court has not issued a decision.

Between August 25, 2014, when the one-year limitations period under §2244(d)(1)(A) began to run, and whatever date in February 2015 he filed the post-conviction motions, the statute of limitations was running. The court cannot toll that time. As a result, approximately six (6) months of the petitioner's statutory period for filing a *habeas* petition has expired. The court can, however, toll the time between the date the petitioner filed his state post-conviction motions and the time he receives a final ruling on those motions. "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. 2244(d)(2). The filing of the post-conviction motions in February of 2015 triggered the tolling contemplated by §2244. Therefore, the petitioner has

3

approximately six months[2] from "the date on which the judgment" on his state-court post-conviction motions "bec[omes] final by the conclusion of direct review or the expiration of the time for seeking such review" to seek *habeas* relief in federal court.

The court **GRANTS** Keith L. Williams' petition for extension of time or to toll the time for filing petition for writ of habeas corpus (Dkt. No. 1). The court **ORDERS** that the time between the date (or dates) upon which he filed his state post-conviction motions, and the "date on which the judgment" on those motions "bec[omes] final by the conclusion of direct review or the expiration of the time for seeking such review" is excluded from the one-year statutory period.

Dated in Milwaukee, Wisconsin this 2nd day of December, 2015.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge

---

[2] The court notes that the state court docket does not provide the exact dates on which the petitioner filed the two post-conviction motions. The petitioner himself does not provide the exact dates, but refers generally to "February of 2015." Dkt. No. 1. If the petitioner seeks to file a petition for *habeas* relief in federal court once he has exhausted his state court remedies, it is up to him to find the exact dates on which he filed the two motions and to calculate the time between that date and August 25, 2015 in order to determine the amount of time he has from the conclusion of direct review of his post-conviction motions to file a *habeas* petition in federal court.

4